The opinion of the Court was delivered by
Whitner, J.
The accompanying diagram will aid in the *86 proper understanding of this case, which presents a question of location not free from perplexities. No. 1 represents the original plat attached to the grant, and No. 2 the plat of re-survey used as evidence on the trial, the outer lines showing the location established by the jury (a.)
*87 The rules controlling questions of this kind have been long and thoroughly settled in this State. The difficulties arise in their application. In the present case, though twice elaborately argued, entire unanimity has not been secured.
The surveyors examined all agreed that the original plat was not the result of actual survey. This has been conceded in the argument,, and it is regarded by this Court as beyond controversy ; hence the absence of much that might otherwise have been had, and hence the manifest discrepancies between the pretended and the real — the original, and the re-survey. True, this can in no way deprive the plaintiff of any right, but it greatly impairs the confidence reposed in the representations on which the ascertainment of his right may depend. For, although his .is the elder grant, and therefore the more respected, yet as the actor in this issue, he can only recover on the strength of his location as well as his title. Senior and junior grants stand or fall by the same rules of location.
The contest is as to the eastern boundary, and the inquiry I propose to institute will be .as to the comparative strength between the location by the jury and that contended for by the defendant — between the jury and the plat distance lines designated in the diagram. The true location consists in settling where the original surveyor pointed his compass or made his mark, and the rules elicited by numerous cases have been designed to develope the truth as far as practicable. Johnson, J., in Douglass vs. Fernandis, 2 Bail. 80, and cases there cited.
These rules have secured an order of precedence always to be respected. The location which gives effect to all, is absolutely certain, but this being rarely attainable, the next great principle is, to give effect to such parts of the description, that the more fixed and certain shall prevail over those which are less so. Evans, J., Johnson vs. McMillan, 1 Strob. 143.
According to the location on the circuit, the natural boundary — Shaw’s Creek — the artificial mark — the Black Oak corner, — and the adjacent boundaries, Taylor’s and Minor’s lands, are very satisfactorily established; but these are common to *88 each location. Edisto river is called for and represented as a boundary at and below the confluence of Shaw’s Creek. Johnson’s land is also called for and is represented on the plat as lying below that point where the river is a boundary. The resurvey demonstrates that effect cannot be given to each of these parts of the description. The adjacent boundary, though belonging to the' inferior grade, must prevail, because it intervenes between this land and the river, and cuts it off wholly. A mere inspection of the plats discloses a mistake so radical, or a misrepresentation so gross and palpable, strongly if riot conclusively corroborative of the allegation, that this part of the land was never seen by the surveyor, and that he had not in fact any true description before him. The difficulty is neither removed nor lessened by adopting the river as a boundary below Johnson’s land, or at the precise point where the lower end of the Johnson line touches the river. The representation and the facts are in direct conflict, and I know of no explanation, at all reconciling these discrepancies. The conclusion, therefore, seems inevitable, that the river cannot be regarded as a boundary of this tract. Falling back then upon Johnson’s land as the boundary that must govern, it will be perceived that this boundary too is common to each location.
Up to this point of the review, either of the locations may be sustained, so that it remains to apply other tests. Course and distance, a remaining source of light, points to the inner line in No. 2 as the eastern boundary. There are incidental points, however, to be considered before a judgment can be rendered.
The Black Jack corner is the only precise point in the entire survey absolutely certain. Adopting this as the exact point at and from which to “ point the compass and stretch the chain,” the course and distance being attained, it is not only proper, but upon all rules of location it is indispensable, to know why this, a true, safe and undisputed line, shall be extended, however small the distance, beyond. It is not enough to say it is the feeblest rule. This cannot justify its exclusion as a rule. Sound reasons and high authority may be furnished for giving ihsometimes a very *89 controlling influence. The new direction is here to be taken, and toward Johnson’s line, unless a satisfactory reason to the contrary can be given. The course and the boundary at which should be the next aim, sustain each other in pointing out the next line. An objection is interposed, that the Pine Log road is represented on the original plat as cutting this line nearly equi-distant from the corners, whereas by stopping at the plat distance it would be thrown near to one comer. This road is not a station. No note was taken by measurement of its true location. Was it ever marked by inspection, or was it mere conjecture. It was a road of notoriety, but its relative position to this line is the matter I am charged to ascertain, and nothing is suggested but the manner in which it is dotted down on an original plat of such questionable accuracy. It has been treated as a marked tree, and hence it is said “ if a marked tree had been found as a station, the plat distance beyond would have been given.” But stations are fixed by measurement, and marked trees as such so testify of themselves that the hand of man was once actually there. The ignorance of the surveyor of the true localities of that neighborhood, and especially of the Edisto, may explain the error he likely committed in his effort to locate this road, it may be by mere conjecture. The force of this objection is not felt to the extent of permitting the representation of the road to increase the length of this line.
Again, much weight has been given to the supposed necessity of adopting the Johnson line in its whole length. This is in direct violation of the rule of location I am considering, not demanded by the facts. Johnson’s land is called for, and his line is pretended to be set out, but inaccurately represented in every solitary particular, the precise point of intersection being-in no way indicated. That Johnson’s line was found higher up, and resting on Shaw’s Creek rather than Edisto River, instead of extending that line in the opposite direction, I submit, is a legitimate argument against the intersection at the point contended for and established by the jury. Quantity alone, it seems to me, is the main argument for disregarding the course *90 and distance, and this should not prevail; in fact, deficiency is mainly accounted for by the admitted glaring inaccuracy in the length of lines at and from Shaw’s Creek and the Johnson line.
Hence this Court adopts the conclusion, that in view of all the circumstances, and by a just application of the rules of location, the better location would have been to establish the plat distance line as the eastern boundary of plaintiif’s land.
That although course and distance must yield to actual marks, natural or artificial, yet in the absence of the latter, in the solution of any question made, the former must determine. 2 N. and McC. 99, Coates vs. Matthews.
That distances may be increased or decreased, and courses departed from, to preserve boundary, but only so far as is necessary to preserve it. Johnson vs. McMillan, 1 Strob. 143.
That although there is an order of precedence in the rules of location — per O’Neall, J., in case of Fulwood vs. Graham, 1 Rich. 497, “ it has never been said that each of these occupied an inflexible position as there laid down.” “ It sometimes might occur, that an inferior means of location might control a higher, when it was plain there was a mistakemuch more, in a case where the mistake and misrepresentation is so gross and palpable as to demand the rejection of the superior, should the Court and jury fall back upon the inferior, becoming thereby a more fixed and certain means of location.
There is no necessity for expressing an opinion on the remaining ground of appeal, as we are not assured from the facts presented that the objection can apply.
The motion for new trial is granted.
Wardlaw, Frost and Withers, JJ., concurred.

) The following are copies of the diagram referred to ;